[Cite as *State v. Parks*, 2011-Ohio-3037.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ANGELO PARKS | : | Case No. 2010CA00349 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Court of Common Pleas,
                                 Case No. 2010CR1272

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          June 20, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           MATTHEW PETIT
Stark County Prosecutor                   116 Cleveland Avenue North
                                          Suite 808
By: RONALD MARK CALDWELL                  Canton, OH  44702
110 Central Plaza South
Suite 510
Canton, OH  44702-1413

*Farmer, P.J.*

{¶1}   On September 17, 2010, the Stark County Grand Jury indicted appellant, Angelo Parks, on one count of felonious assault in violation of R.C. 2903.11(A)(1) and/or (2).   Said charge arose after appellant and Maurice Jackson, appellant's girlfriend's son, had an argument and appellant, while holding a knife, swung at Maurice and cut his eye.

{¶2}   A jury trial commenced on November 29, 2010.  The jury found appellant guilty as charged.  By judgment entry filed December 3, 2010, the trial court sentenced appellant to seven years in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶5}   "IT WAS PLAIN ERROR FOR THE TRIAL COURT TO FAIL TO INSTRUCT THE JURY ON THE LESSER OFFENSES OF FELONIOUS ASSAULT."

III

{¶6}   "THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO CONFRONTATION BY ADMITTING TESTIMONIAL EVIDENCE OF OUT-OF-COURT DECLARATION THROUGH POLICE OFFICER TESTIMONY."

I

{¶7} Appellant claims his felonious assault conviction was against the sufficiency and manifest weight of the evidence. We disagree.

{¶8} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶9} Appellant was convicted of felonious assault in violation of R.C. 2903.11(A)(1) and/or (2) which states the following:

{¶10} "(A) No person shall knowingly do either of the following:

{¶11} "(1) Cause serious physical harm to another or to another's unborn;

{¶12} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

{¶13}  Appellant argues proof was not presented to establish that he "knowingly" caused physical harm to his girlfriend's son, Maurice Jackson.  "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when he is aware that such circumstances probably exist."  R.C. 2901.22(B).

{¶14} On August 21, 2010, appellant's live-in girlfriend, Jacquez Jackson, decided to move out of the parties' residence after an argument.  Ms. Jackson called her nineteen year old son Maurice to come over and help her.  Upon Maurice's arrival, an argument ensued between appellant and Maurice.  Appellant exited the residence with a knife in his hand, swung at Maurice, and cut his eye.

{¶15} Ms. Jackson testified on the evening/early morning hours in question, appellant had been drinking.  T. at 109.  She and appellant got into an argument and she decided to call her son Maurice to help her move out.  Id.  While she was on the phone, appellant went to the kitchen and got a knife.  T. at 109-110.  Appellant placed the knife in his pocket.  T. at 111.  When Maurice arrived, appellant was up on the balcony of the residence and threw a full beer can at Maurice, striking his foot.  T. at 111-112.  Appellant told Maurice he was tired of him and he was going to "kick his behind."  T. at 111.  Maurice laughed at appellant and assured him he was only there to get his mother.  T. at 112.  Appellant went out the door and ran downstairs.  T. at 112-113.  Ms. Jackson heard a "bunch of rustling" and her son screaming.  T. at 113.  By the time Ms. Jackson got outside, her son was bent over, holding his eye.  T. at 114. Appellant was standing there, "saying that he was sorry, that he didn't mean to cut him

in his eye." Id. Admittedly, there was tension between appellant and Maurice prior to this incident. T. at 108.

{¶16} Appellant testified when Maurice arrived, he was "yelling and screaming and cursing" at appellant. T. at 159. Maurice threatened appellant and was kicking on the door. T. at 160. Appellant testified he went downstairs to try to talk to him, to say "hey, man, go on home, I don't want no problems." Id. Appellant admitted he had the knife in his hand when he confronted Maurice because he was scared and angry. T. at 160-161. Appellant testified to the following after he went outside:

{¶17} "A. When I walked out my front door, he ran up in my presence, he was in my face, and I like - - I told him to get back. I said, Well, get back, you know, because I was really nervous and scared because I had already been through an altercation like this in the past before, and I pushed him back and I said, Man - - I said, Get, get back, get back. And he got up in my face again, and I happened to look out of my peripheral vision to my left and I - - something told me to look down, and I looked - - glanced out of my eye and I seen he had something in his hand so I, I panicked, you know; I was scared. I said, Get back, and I swung on him." T. at 161-162.

{¶18} Appellant testified he didn't mean to stab Maurice in the eye, but "was just trying to back him off of, off of me. I didn't want him to get on me to hurt me." T. at 163. Appellant acknowledged that he told the police he punched Maurice. T. at 172.

{¶19} The responding officer, Canton Police Officer Michael Rastetter, testified to appellant's admissions at the scene:

{¶20} "Yes, ma'am. He stated that he did come down the stairs outside and did have a knife in his right hand. Punched at Mr. Jackson with the knife in his hand and he believed that he just cut him below the eye." T. at 133.

{¶21} During trial, defense counsel readily conceded that Maurice suffered serious physical harm. T. at 103.

{¶22} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶23} We find the evidence substantiated that appellant acted "knowingly." Appellant was angry, had threatened Maurice about kicking his behind, had a weapon in his hand, went downstairs and out the door to confront Maurice, and took a swing at him with the hand that held the knife. Despite appellant's claim that he saw something in Maurice's hand, the evidence was that Maurice only had a cell phone in his hand.

{¶24} Upon review, we conclude sufficient credible evidence was presented to establish that appellant "knowingly" caused serious physical harm, and we find no manifest miscarriage of justice.

{¶25} Assignment of Error I is denied.

II

{¶26} Appellant claims the trial court erred in not instructing the jury on the lesser-included offenses of aggravated assault, negligent assault, and assault. We disagree.

{¶27} Crim.R. 30 governs instructions. Subsection (A) states the following in pertinent part:

{¶28} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

{¶29} Appellant did not object to the jury instructions. Further, defense counsel conceded during opening statement that the issue was appellant's mental state at the time of the incident, not the serious physical harm caused. Therefore, the only possible lesser-included offenses are aggravated assault (R.C. 2903.12) or assault (R.C. 2903.13) which can only be reviewed under a plain error standard. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Long* (1978), 53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long,* at paragraph three of the syllabus.

{¶30} The evidence established that it was appellant who took himself into the fray, armed with a knife, and punched Maurice. Appellant readily admitted he was angry with the young man. Any words or actions on Maurice's part were not reasonably

sufficient to incite someone to use deadly force (aggravated assault). Appellant did not move his hand in a reckless manner for some other purpose other than to punch Maurice (assault).

{¶31} Upon review, we find pursuant to Crim.R. 30(A), and given the sufficiency of the evidence as to felonious assault, appellant has failed to demonstrate plain error.

{¶32} Assignment of Error II is denied.

III

{¶33} Appellant claims the testimony of Officer Rastetter violated appellant's right to confrontation. We disagree.

{¶34} The Sixth Amendment's Confrontation Clause provides, "[i]n all criminal prosecutions, the accused shall enjoy the right***to be confronted with the witnesses against him." In *Crawford v. Washington* (2004), 541 U.S. 36, 59, the United States Supreme Court explained, "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." The *Crawford* court at 68 reiterated that "[w]here testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination."

{¶35} In *Davis v. Washington* (2006), 547 U.S. 813, 822, the United States Supreme Court established an "ongoing emergency" exception to the definition of testimonial evidence:

{¶36} "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are

testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."

{¶37} As set forth in Appellee's Brief at page 23, the *Davis* court outlined the following four-part test for a statement to qualify for the "ongoing emergency" exception:

{¶38} "To qualify for the 'on-going emergency' exception, the Court ruled (1) that the statements described the events as they were happening, as opposed to explaining events that had happened in the past, (2) that any reasonable listener would conclude that the statements were made in the face of an ongoing emergency, (3) that the interrogation was objectively necessary to resolve the ongoing emergency, and (4) that the interrogation was informal because it was conducted over the phone and the answers were provided frantically while in an unsafe environment."

{¶39} Further, in *Michigan v. Bryant* (February 28, 2011), ___ U.S. ___, 131 S.Ct. 1143, 1157, (2011 WL 676964), a testimonial exception was more discretely defined as follows:

{¶40} "The existence of an ongoing emergency is relevant to determining the primary purpose of the interrogation because an emergency focuses the participants on something other than 'prov[ing] past events potentially relevant to later criminal prosecution.'***Davis,* 547 U.S., at 822, 126 S.Ct. 2266.  Rather, it focuses them on 'end[ing] a threatening situation.'  *Id.,* at 832, 126 S.Ct. 2266.  Implicit in *Davis* is the idea that because the prospect of fabrication in statements given for the primary purpose of resolving that emergency is presumably significantly diminished, the

Confrontation Clause does not require such statements to be subject to the crucible of cross-examination." (Footnote omitted.)

{¶41} We note there was no objection to the complained of testimony, therefore we will review this assignment under the plain error doctrine set forth supra.

{¶42} Maurice did not appear for trial. Officer Rastetter testified after Ms. Jackson who testified as to Maurice's excited utterance immediately after the incident and appellant's admission to cutting Maurice's eye. T. at 113-114. The complained of testimony by Officer Rastetter was as follows:

{¶43} "A. Okay. Myself and my partner, Officer Barnhouse, when we arrived at the scene we were met on - - by the sidewalk by Ms. Jacquez Jackson. She stated that her son Maurice had been stabbed in the eye by Angelo Parks. We asked her where her son was at, and she stated that he was up on the hill next to the apartment.

{¶44} "At that time myself and my partner went up to - - towards the apartment - - it's kind of up on a hill - - and we were met by Maurice. Maurice was holding his eye and stated that he had been stabbed in the eye by Mr. Parks." T. at 129-130.

{¶45} Thereafter, while still on direct, Officer Rastetter testified that appellant had admitted to punching Maurice and cutting his eye. T. at 133.

{¶46} We conclude the statement made by Maurice as testified to by Officer Rastetter were within the four-part test of the ongoing emergency exception. Officer Rastetter testified he was unable to ascertain the full nature of Maurice's injury and was attempting to secure the area because of the presence of the knife. T. at 129-131. Clearly, the statement was given at the beginning of the police investigation, upon Officer Rastetter's arrival after being dispatched for a stabbing in the eye. T. at 129.

Officer Rastetter was directed to Maurice who stated he had been stabbed by appellant. The ambulance attendants had yet to treat Maurice.  T. at 131.

{¶47} Further, appellant's theory of the case was not to deny that he had stabbed Maurice, which he readily admitted.  The theory of the case was to justify or emolliate his actions as was pointed out in opening statement.

{¶48}  We conclude there was no *Crawford* violation sub judice, and the "ongoing emergency" exception applies.

{¶49}  Assignment of Error III is denied.

{¶50}  The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Delaney, J. concur.


s/ Sheila G. Farmer_____


_s/ John W. Wise_____


_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 524

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                        :

                                    :

    Plaintiff-Appellee            :

                                      :

-vs-                             :            JUDGMENT ENTRY

                                    :

ANGELO PARKS                  :

                                    :

    Defendant-Appellant      :            CASE NO. 2010CA00349

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ John W. Wise_____

_s/ Patricia A. Delaney_____

JUDGES